Our next case is Flamm v. Samsung Electronics, 18-1832. Mr. Statham, you've got three minutes to rebuttal time, is that correct? Twelve and three, yes, your honor. Okay, and did I pronounce your name correctly? Statham. Statham, yes. May it please the court, I'm going to talk about three things. First, I'm going to talk a little bit about the patent and the prior art, then I'm going to talk about the principal issue on this appeal, and then finally address the merits. You can assume that we understand the patent and the prior art. Can you just get to the issue at play here? Excellent, your honor. The main issue is whether there is substantial evidence of motive to combine. I would start out, the Catamara patent makes it absolutely clear that the time to change the temperature doesn't make any difference at all as long as it meets one requirement, and that is that the time is either equal to the time to change out the gas or less. So the first question is, how could combining Matsumura's recipe with Catamara make any difference? There's two possibilities. One is that the time selected would be equal or less than the time to change out the gas. Counselor, so you have, generally you have three questions related to your argument that you bring up in your argument of motivation to combine. But you presented no expert testimony to support those three questions, did you? And it seems to me that Samson introduced expert testimony and your argument is supported only by inventor statements. Actually, I think our argument is based on logic. And I don't think we need... I mean, if you stop and think about it, there's two possibilities. If you take a recipe... But let's... I know that logic is involved in all our cases, but we're really looking under a standard to review here. And what we're looking for is to whether the decision is supported by substantial evidence. Correct. And a decision has been made in that regard, and that's what we're reviewing. Can you address your argument with why there's not substantial evidence supporting the decision? Well, that's what I'm trying to do. And what I'm saying, first of all, is given what Catamara clearly teaches, that the time to change the temperature doesn't make any difference at all as long as it's equal or less than the time to change out the gas. So if we take a recipe that gives a specific time to change the temperature, there's two possibilities. One is that time is equal or less than the time to change out the gas, in which case it doesn't make the slightest bit of difference. These are arguments that you made to the board. These are arguments that you made to the board. Yes. And the board made its decision based on the expert testimony that was presented by SAMHSA. Yes. And the board found that there's credibility, that SAMHSA's evidence was credible. Yes. What evidence did you present that rebutted that? I'm trying to say that as a matter of logic, it makes no sense. But that doesn't work. We don't get to reject substantial evidence of an expert opinion just because you disagree with its logic. You didn't move to exclude the expert testimony, or at least you didn't get it excluded. So it's on the record, and it's there to support a substantial evidence review. You're just re-arguing the facts to us, and you don't get to do that. Your Honor, I don't think I'm re-arguing the facts. I'm talking about that it makes absolutely no sense to do what I'm talking about. That's re-arguing the facts. We have a factual finding from the board that there's a motivation to combine these two references because the second one will improve the first one with the control recipes. There is expert testimony, which is evidence, supporting that factual determination. And in a substantial evidence review, if there is evidence that a reasonable person could rely on to support that, then that's enough. And usually expert testimony that hasn't been discredited is enough. Are you saying this expert testimony is so unreliable and so out of bounds that it's just not credible? Yes. But did you make that challenge to the board? Yes. And did they reject it? Yes. And did you raise that challenge here that it was an abuse of discretion to accept this evidence? What we're saying is that there's not substantial evidence. I see that as a no, that you didn't challenge the inclusion of this expert testimony in the record. That's correct. Well, then it's in the record. Correct. So the question is, if what's in the record... Hold on, so following up on Judge Hughes' questions to you, then the record contains substantial evidence that supports Samson's position. I disagree. I disagree. If the evidence makes no sense logically, how can you accept it? And just stop and think about this. What Patamara is saying is it doesn't make any difference what the time is to change the temperature. What their expert is saying is that you should use a recipe and that will improve things. And what I'm saying is logically it makes no sense at all as long as the time to change... Sir, your argument is not evidence. Your attorney argument is not evidence. I'm not talking about evidence. I'm talking about logic. I mean, if you look at what Patamara says and you add a recipe or add another part to the recipe you already had, it's not going to make any difference at all. There's two possibilities. One is that the time that you assert in the recipe is equal or less than the time to change out the gas. If that's the case, it doesn't make any difference to what Patamara is doing. The other possibility is that the time that you choose is greater than the time to change out the gas, in which case you will make Patamara worse, not better. Didn't the board also say that it's a good motive to provide better temperature control in order to enhance reliability and prevent irregularities in the products that you're making? Yes, it does. So standardizing the time interval and the temperature control from T1 to T2 would be a benefit because then you could regularize the output of the products that you're making. Well, what the board failed to recognize and Samsung failed to recognize is that Patamara teaches quite clearly that his temperature control is controlled finely. Now, the board is saying that you could get better temperature control. When something says something is better, you need something to compare it to. So B is better than A. Neither the board nor Samsung talks about A, which is what Patamara says, which is that he controlled his temperature finely. The other thing that the board said, and probably the main thing, is, and I'll quote, Matsumura's recipe would have been able to provide accurate temperature control of the substrate temperature because the recipes would have allowed the accurate control of the thermal history curve. Now we've argued in both of our briefs that that is basically a tautology. It's saying the same thing in two different ways. You stop and think about it. The recipe is designed to result in the thermal history curve. So if you follow the recipe, you get the thermal history curve. So this statement is devoid of content. It's a tautology. And it seems to me that common sense tells us that if that's the case, there is no showing of mold duration to combine. Certainly not substantial evidence of mold duration to combine. Thank you, Your Honor. Thank you, sir. Good morning, Your Honors. May it please the court. As this court recognizes, this appeal involves a purely factual issue, motivation to combine. In finding a motivation to combine, the board properly considered all the arguments and weighed all the evidence. Substantial evidence supports the board's decision. Let me briefly explain why. I think some of the arguments already have been highlighted by Your Honor's questions, so I'll be brief. So if you look, start with Samsung's expert, the testimony that we have from Samsung's expert, which the board credited, contrary to what Flam's counsel just indicated. The board credited that testimony. And Dr. Shanfield, Samsung's expert, explained why it would be beneficial to incorporate the recipes from Matsumura, or those types of recipes into Katamura because it would provide for better temperature control. And that's at, for example, in the decision at 826. We also have in Katamura, why would you do that in Katamura? The reason you would do that is because it is important to control the temperature change in Katamura because if the temperature change exceeds the time to change the gases, throughput would be affected. And not only did we have testimony from Samsung's expert, Dr. Flam, the inventor himself, admitted that during cross-examination, and that's at A1421. And in fact, Flam's counsel also admitted that during oral argument before the board, that the time to change the temperature is a factor in Katamura, and that you can find at A94 of the appendix. So if you look at the totality of the evidence, the evidence here more than supports the board's factual finding on motivation to combine. And I think Judge Chen, the board summed it up very nicely at A26, that all of this evidence supports a motivation to combine, that a person of ordinary skill would have recognized that modifying Katamura's dry etching apparatus and method to include Matsumura's control recipes would yield the benefit of providing better temperature control, thereby enhancing reliability and preventing irregularities in the manufactured devices. This is because Matsumura's recipes would allow accurate control of the thermal history curve. So there is more than enough evidence in the record, and as this court has recognized during questioning today, it is not this court's job to re-weigh the evidence. We think the board evaluated the evidence and looked at Dr. Flam's testimony, looked at Samsung's testimony, and properly weighed that evidence. Unless the court has any other questions, that's all I have. Okay, we thank you for your argument. Thank you, Your Honor. If you have any more questions of me? No, sir, I don't think so. Okay, thank you, Your Honor.